UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

STELLA MURRAY and TONY FORTUNA and
LOIS FORTUNA and MICHAEL FORTUNA and
LORETTA FORTUNA and RONALD FORTUNA and
NICKOLENA FORTUNA,

        Plaintiffs,

v.                        Civil Action No.: 2:14-24486

APPALACHIAN POWER COMPANY,

        Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>


      Pending is the defendant's motion for summary
judgment, filed on December 16, 2015.


I.   <u>Factual Background</u>


      On July 4, 2012, a fire broke out in an unoccupied
house owned by plaintiffs, located at Crooked Creek, Logan
County, West Virginia.  The plaintiffs allege that this fire and
the resulting damage were negligently caused by the defendant,
Appalachian Power Company ("Appalachian").  Several days prior
to the fire, a serious storm caused a power outage affecting the
house.  Power had been restored to the area earlier in the day
on which the fire was discovered.

The fire department for the City of Logan responded to the fire and extinguished it.  The next day, a representative of the State Fire Marshall conducted an investigation of the scene. Plaintiffs also retained a fire investigator, Mr. Richard Casto, to determine the cause and origin of the fire.  Defendants have provided the investigation report of an expert in electrical engineering, Mr. Michael Wald, concluding that "there were no deficiencies in the delivery of electrical power to this home that caused or contributed to this fire." (Report of M. Wald, ECF # 54-12 at 2).

## II.  Procedural History

Plaintiffs filed this action on July 7, 2014 in the Circuit Court of Logan County, and Appalachian removed the case to this court on August 7, 2014.  The complaint alleges that Appalachian negligently caused the fire and further alleges that Appalachian removed wiring or other materials from the site of the fire, resulting in spoliation of evidence relating to the case.

Appalachian seeks summary judgment on the plaintiff's negligence claim based on the following arguments: 1) plaintiffs have not identified the negligent act or omission by Appalachian which resulted in the injury alleged and 2) because plaintiffs

have failed to engage an expert in electrical engineering, they cannot show that Appalachian caused the fire at issue.  To the extent the complaint seeks to propound an independent cause of action based on spoliation of evidence, Appalachian also seeks summary judgment, arguing that no evidence has been adduced supporting such a claim.

### III. <u>Legal Standard</u>

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Material" facts are those necessary to establish the elements of a party's cause of action.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>see also</u> <u>News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.</u>, 597 F.3d 570, 576 (4th Cir. 2010) (same).  A "genuine" dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant.  <u>Anderson</u>, 477 U.S. at 248.  On the other hand, "[f]actual disputes that are irrelevant or unnecessary will not be counted."  <u>Id.</u>

The moving party has the initial burden of showing --
"that is, pointing out to the district court -- that there is an
absence of evidence to support the non-moving party's case."
Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the
moving party satisfies this burden, then the non-moving party
must set forth specific facts, admissible in evidence, that
demonstrate the existence of a genuine issue of material fact
for trial.  See id. at 322-23; Fed. R. Civ. P. 56(c), (e).

When examining the record, the court must neither
resolve disputes of material fact nor weigh the evidence,
Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995),
nor make determinations of credibility, Sosebee v. Murphy, 797
F.2d 179, 182 (4th Cir. 1986).  Instead, the party opposing the
motion is entitled to have his or her version of the facts
accepted as true and, moreover, to have all internal conflicts
resolved in his or her favor.  Charbonnages de France v. Smith,
597 F.2d 406, 414 (4th Cir. 1979).  Along those lines,
inferences that are "drawn from the underlying facts . . . must
be viewed in the light most favorable to the party opposing the
motion."  United States v. Diebold, Inc., 369 U.S. 654, 655
(1962).

At bottom, a party is entitled to summary judgment if
the record as a whole could not lead a rational trier of fact to

4

find for the non-moving party.  Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).  Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party.  Anderson, 477 U.S. at 248.

## IV.  Analysis

### A.    Causation

To succeed on a negligence claim in West Virginia, a plaintiff must "show four basic elements: duty, breach, causation, and damages."  Hersh v. E-T Enterprises, Ltd. P'ship, 232 W. Va. 305, 310 (2013) superseded by statute on other grounds as recognized in Tug Valley Pharmacy, LLC v. All Plaintiffs Below in Mingo County, 235 W. Va. 283, 291 n. 12 (2015).  Appalachian argues that there is an absence of evidence in the record supporting the element of causation. Specifically, Appalachian insists that without expert testimony from an electrical engineer, "Plaintiffs cannot prove that [Appalachian] caused the subject fire which is an essential element of their claim."  (Appalachian's Memorandum in Supp. Of Summary Judgment, ECF #55 at 14).

In West Virginia, "questions of proximate cause are often fact-based issues reserved for jury resolution." Mays v. Chang, 213 W. Va. 220, 224 (2003).  A jury must determine issues such as causation "when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them." Id. (quoting Syllabus Point 2, Evans v. Farmer, 148 W. Va. 142 (1963)).  While the burden is on the plaintiff to present proof of negligence, "such showing may be made by circumstantial as well as direct evidence." Wehner v. Weinstein, 191 W. Va. 149, 156 (1994) (quoting Syllabus Point 2, Burgess v. Jefferson, 162 W. Va. 1 (1978)).

In this case, there is circumstantial evidence which, when viewed in the light most favorable to the plaintiffs, could support a jury's finding that Appalachian negligently caused the fire at plaintiffs' property.  The plaintiffs' cause and origin expert, Rick Casto, stated in his deposition that "it's the most probable cause that this is an electrical event, which originated from the power company obviously." (Casto Depo., ECF #56-3).  Appalachian argues that this testimony is insufficient because Mr. Casto also recommended plaintiffs hire an electrical engineer to further investigate and acknowledged that "just because [there was] an electrical event, that doesn't meant that

the power company did something wrong or caused it." <u>Id.</u>
However, a jury could give weight to Mr. Casto's statement that
the electrical nature of the event implicates the power company,
notwithstanding his recommendation that a further expert be
hired.  While that recommendation would be the proper subject of
cross-examination, it does not preclude the plaintiffs from
presenting Mr. Casto's conclusions to the jury.

    Similarly, the testimony of Scott Beckett, the Fire
Chief of the City of Logan Fire Department, who has had the
experience of fighting some 700 fires, provides circumstantial
support for the plaintiffs' claim that the power company caused
the fire.  Mr. Beckett described his observations upon arriving
at the scene of the fire, in part, as follows:

>        It looked like the drop from the main power
> line to that house was glowing orange, and it was
> running back and forth.  And upon entry of the house,
> even the exterior, even the wood, our firefighters on
> the initial attack was being shocked by touching the
> wood . . . . Everything in the house was energized,
> everything.  The main body of fire was exactly where
> the power comes into the house, into the breaker box.
>
>        And like I said, it just stands out.  Even
> after we had the fire put out, everything in the house
> remained energized, and it was even hard to do mop-up.
> As a matter of fact, I was shocked so bad that I was
> knocked to my knees and almost knocked out in that
> house. . . .
>
> . . . And it got so bad while fighting the fire that
> the power--I don't even know what the terminology is--
> but it went back to the pole that it was on, set the

7

pole on fire, in turn went down and set the hillside
on fire.  So we ended up having a forest fire
generated by the power issue at the same house fire.

(Beckett Depo., ECF #56-2 at 1).

Mr. Beckett also stated that firefighters were unable
to disconnect the power because the meter "was melted into the
meter housing." Id. at 2.  While his initial report reflects
that the material initially ignited in the fire was
"undetermined," pending investigation by the Fire Marshal, Mr.
Beckett expressed his opinion that the fire was caused by an
"electrical malfunction." Id. at 2, 5.  The marshal, Shawn Lee
Alderman, testified that while he could not pinpoint the exact
area of origin for the fire, it appears to have started
"somewhere in [the] interface" connecting the electricity to the
home.  (Alderman Depo., ECF #56-4 at 2).

Based on the testimony of these witnesses, the court
finds that there is a genuine issue of material fact as to
whether Appalachian caused the fire.  Despite Appalachian's
insistence that its electrical engineering expert's testimony
should be decisive, the determination of which witnesses to
credit is properly reserved for jury determination.

B.    Spoliation of Evidence

Appalachian also seeks summary judgment on plaintiffs'
claim relating to alleged spoliation of the evidence following
the fire.  "Spoliation refers to the destruction or material
alteration of evidence or to the failure to preserve property
for another's use as evidence in pending or reasonably
foreseeable litigation."  Silvestri v. General Motors Corp., 271
F.3d 583, 591 (4th Cir. 2001).  The duty to preserve evidence
does not give rise to an independent cause of action; rather,
spoliation is a rule of evidence arising from the court's
inherent power to govern proceedings before it.  See Hodges v.
Wal-Mart Stores, Inc., 360 F.3d 446, 450 (4th Cir. 2004).

In its response in opposition to Appalachian's motion
for summary judgment, plaintiffs do not address their spoliation
claim, apparently conceding that any alleged spoliation does not
provide the basis for an independent cause of action.  Even if
such a claim could lie against Appalachian, there is no evidence
in the record supporting the complaint's allegation relating to
spoliation.  Accordingly, the court will grant summary judgment
as to the spoliation claim.

## V.   Conclusion

For the reasons herein, it is ORDERED that the defendant's motion for summary judgment be, and it hereby is, granted with respect to the plaintiffs' spoliation of evidence claim and denied in all other respects.

The clerk is directed to transmit a copy of this order to counsel of record and any unrepresented parties.

ENTER:   February 26, 2016

John T. Copenhaver, Jr.
United States District Judge

10